97 F.3d 1458
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
DAEWOO CORPORATION, fka: Dae Woo Industrial Company, Ltd.
Plaintiff-counter-defendant-Appellant,
v.
LOCKHEED CORPORATION, Defendant-counter-claimant-Appellee.
 No. 95-55430.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 8, 1996.
Decided Sept. 16, 1996.
 
 Before: REINHARDT, HALL, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiff-appellant Daewoo Corporation, a Korean corporation, appeals from a district court order granting summary judgment in a breach of contract case in favor of defendant-appellee, Lockheed Corporation. We affirm.
 
 
 3
 Daewoo contends that Lockheed breached Amendment 11 of the International Consulting Agreement by failing to pay Daewoo five percent commission on the Orion P3-C sale. We find this argument without merit. As both parties noted, Annex 1 to the P3-C sales contract explicitly states that "[a]ny commission fee which is to be paid to the commission agent by the Seller shall be fixed with prior written approval of the purchaser [the Republic of Korea]. Unless otherwise agreed upon, such commission fee shall be calculated and included in the Aircraft price set forth in Section III thereof." Section III of the Sale Agreement sets the commission at $4,000,000 and the parties do not allege that the government has approved any other commission fee. Thus, by the terms of the Annex, Lockheed owed Daewoo only $4,000,000 in commission, not $29 million as alleged by Daewoo.
 
 
 4
 Daewoo argues that it was not bound by the terms of the Annex because it was not a party to the sales contract. We disagree. The International Consulting Agreement ("Agreement") executed by Daewoo and Lockheed states that its terms are subject to written amendments. The Agreement itself is to be construed in accordance with the laws of California. We find that Annex 1 amends or supercedes the provisions of the Agreement and Amendment 11; it affects the amount of commission agreed upon in a sale brokered by Daewoo and it was executed in writing. Accordingly, the provisions of Annex 1 and Section III of the sales contract control the relationship between Daewoo and Lockheed.
 
 
 5
 Furthermore, although Daewoo contends that Lockheed promised to pay the balance of the commission in cash or kind, there is no evidence of any such side agreement. Prior to finalizing the P-3C contract, the parties discussed the possibility of Lockheed assigning Daewoo subcontracting work, but no formal agreement was ever made. Furthermore, in its letter to is public relations firm, Daewoo observed that there "was no irregular contract between Daewoo and Lockheed."
 
 
 6
 Because Daewoo was limited to a four million dollar commission by signing Annex 1, we find no breach of contract. As such, we need not reach Daewoo's equitable argument.
 
 
 7
 We AFFIRM.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3